THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CR-06-290-R |
| ) | |
| **SHERONDA FIELDS,** ) | |
| ) | |
| **Defendant.** ) | |

# **ORDER**

The Court is in receipt of a letter from Defendant Fields dated April 16, 2021 and received by the Court on April 21, 2021. (Doc. No. 327). Therein Defendant requests that the Court grant her home confinement, a leg monitor, or a halfway house to complete her current ten-month period of incarceration. Upon consideration of the motion, the Court DISMISSES the letter, construed as a motion, for lack of jurisdiction.

Defendant competed a fifty-seven month sentence following her plea of guilty to a single count of conspiracy in violation of 18 U.S.C. § 371. Although Defendant completed her initial sentence and transitioned to supervised release, set by the Court at three years, she has returned before the Court a number of times since release for violating the terms of her supervised release.[1] The first set of violations was set forth in an 2013 request by Defendant's probation officer, however, the hearing on the petition was delayed because Ms. Fields was serving a state sentence. The revocation hearing was finally conducted on March 3, 2017 and Ms. Fields admitted to each of the violations set forth in the April 29,

---

[1] Supervision started on December 9, 2019.

2013 Petition. The Court did not revoke Defendant's supervised release status at that time but ordered that she serve 36 months supervised release. In 2018 the Court conducted a hearing regarding revocation based on new allegations that Ms. Fields violated the terms of her supervised release. She was sentenced to twelve months incarceration with twenty-four months of supervised release to follow. Supervision commenced on December 9, 2019, and a violation report was filed on June 26, 2020. The probation officer did not request Court intervention at that time. Thereafter, however, Defendant's probation officer alleged additional violations which resulted in a November 24, 2020 hearing. At that hearing the Court imposed an additional ten months incarceration but ordered that Defendant not be subject to additional supervised release upon completion of her period of incarceration. Defendant was permitted to self-report to the U.S. Marshal's service on February 22, 2021. Her current letter addresses both COVID-19 and her concerns that because she is incarcerated her job will not be held and she is unable to pay her restitution because she is incarcerated. (Doc. No. 327).

The Court lacks jurisdiction to grant Defendant's request that she be ordered to home confinement—regardless of whether an ankle monitor is mandated—or to a halfway house. This Court has no authority to order the Bureau to place Defendant at a halfway house prior to her release date. It is well-settled law that a prisoner has no constitutional right to confinement in a particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002). The Bureau of Prisons retains complete discretion to determine where federal prisoners are housed. *See* 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (citing *Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2 (10th Cir.

Dec. 10, 1992) (unpublished)). "Granting a prisoner home confinement is not considered a reduction in the sentence. Rather, it is a change in the location and conditions of confinement." *United States v. Read-Forbes,* No. 20-3104, 2021 WL 423160 (10th Cir. Feb. 8, 2021)(unpublished); *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) ("[A] person is in the BOP's 'custody' while serving the remainder of a sentence in home confinement. While at home, the confinee is serving a 'term of imprisonment.'"). Although "the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020). Accordingly, the Court lacks jurisdiction to consider Defendant's request and her request is DISMISSED.

**IT IS SO ORDERED** this 27th day of April 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE